**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2021
_____

JOHAN ANTONIO TINEO MOYA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A056-122-362)
Immigration Judge: Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 10, 2023

Before: HARDIMAN, PORTER, and FREEMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 15, 2023)
_____

OPINION[*]
_____

**PER CURIAM**

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se petitioner Johan Tineo Moya, a citizen of the Dominican Republic, has filed a petition for review challenging the Board of Immigration Appeals' denial of his motion for reconsideration. For the reasons detailed below, we will deny the petition.

This case has a protracted procedural history. In 2017, Moya was charged with removability under 8 U.S.C. § 1227(a)(2)(B)(i) for violating a law relating to a controlled substance and under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony (illicit trafficking in a controlled substance). Both charges concerned his 2009 conviction for possession of a controlled dangerous substance (cocaine) with intent to distribute within 1,000 feet of school property in violation of N.J. Stat. Ann. § 2C:35-7.

The Immigration Judge (IJ) ruled that Moya's conviction was not an aggravated felony, but sustained the removal charge for violating a law relating to a controlled substance. The IJ also granted Moya's application for cancellation of removal. However, the Government appealed, and the Board of Immigration Appeals (BIA) vacated that order, concluding that Moya's conviction did qualify as an aggravated felony that rendered him ineligible for cancellation of removal.

On remand, the IJ denied Moya's applications for withholding of removal and protection under the Convention Against Torture, and the BIA affirmed. Moya filed a counseled petition for review. See C.A. No. 19-1023. During the pendency of those proceedings, this Court issued an opinion in Rosa v. Attorney General, 950 F.3d 67 (3d Cir. 2020), which called into question the BIA's ruling that Moya's crime was an

2

aggravated felony. The Government then filed a motion to remand the case back to the BIA, which we granted.

On remand, the BIA determined that Moya's conviction was not an aggravated felony. However, it ruled that Moya was not eligible for cancellation of removal because he did not have seven years of continuous residence in the United States as required by 8 U.S.C. § 1229b(a). The BIA explained that Moya had committed his drug offense before he had resided here for seven years and that this stopped his period of continuous residence.[1] The BIA also ruled that Moya was ineligible for asylum, withholding of removal, and relief under the CAT.

Moya did not file a petition for review. Instead, he asked the BIA, through counsel, to reconsider its decision. The BIA denied the motion, concluding that Moya had not shown any error in its prior decision. Moya then filed the petition for review at issue here.

We have jurisdiction under 8 U.S.C. § 1252(a) to review the BIA's denial of Moya's motion for reconsideration, but lack jurisdiction to review the underlying removal order. See Stone v. INS, 514 U.S. 386, 405–06 (1995); Castro v. Att'y Gen., 671 F.3d 356, 364 (3d Cir. 2012). We review the denial of a motion for reconsideration for abuse of discretion, and will disturb the BIA's ruling "only if it was 'arbitrary,

---

[1] The BIA applied the "stop-time rule," which provides that a period of continuous residence ends when a noncitizen commits certain offenses. See 8 U.S.C. § 1229b(d)(1); Barton v. Barr, 140 S. Ct. 1442, 1447 (2020).

3

irrational, or contrary to law.'" Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005) (quoting Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004)).

In his brief, Moya raises three arguments,[2] but each lacks merit. First, he claims that the BIA engaged in improper fact-finding when it determined that he had committed a crime that stopped his period of continuous residence before he reached seven years. We disagree. While the BIA must remand if additional factfinding is necessary, see Alimbaev v. Att'y Gen., 872 F.3d 188, 196 (3d Cir. 2017), it "has the authority to review the undisputed facts in the entire record," Adeyanju v. Garland, 27 F.4th 25, 49 (1st Cir. 2022); see also 8 C.F.R. § 1003.1(d)(3)(iv)(A)(4). Here, the key facts that the BIA relied upon were the date that Moya entered the United States and the date that he was convicted of the drug offense. Those two facts were included in the notice to appear, see A.R. at 888, and Moya admitted those factual allegations at his hearing, see A.R. at 438. The BIA was entitled to apply these undisputed facts without remanding the matter.

Next, Moya argues that the BIA applied a de novo standard of review to the IJ's decision rather than reviewing for clear error. However, our review "is limited to those issues that [Moya] presented to the BIA in his motion for reconsideration." Tittjung v. Reno, 199 F.3d 393, 396 (7th Cir. 1999). As the Government points out, Moya did not present this argument in his motion for reconsideration, and we therefore do not address it here.

---

[2] We will address only those issues that Moya raised in his brief. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016); see also Geness v. Cox, 902 F.3d 344, 355 (3d Cir. 2018) (explaining that "it is well settled that a passing reference to an issue will not suffice to bring that issue before this court" (quotation marks omitted)).

Finally, Moya claims that the BIA violated his due process rights by deciding that he had not attained seven years of continuous residence without first informing him of its intention to address that issue. We need not decide whether the BIA should have provided such notice because Moya has not shown that he was prejudiced by this lack of notice. See Delgado–Sobalvarro v. Att'y Gen., 625 F.3d 782, 787 (3d Cir. 2010) ("To establish a violation of due process, the petitioner[ ] must show that substantial prejudice resulted from the alleged procedural errors."); see also Jarbough v. Att'y Gen., 483 F.3d 184, 192 (3d Cir. 2007). That is, in his brief, Moya does not identify any argument that he would have made had he been given notice that the BIA would address the continuous-residence issue. No potential argument is apparent, either: the BIA relied on undisputed facts concerning Moya's date of admission and the date of his conviction, and Moya has never contested the IJ's ruling from early in the case that he had been convicted of violating a law relating to a controlled substance under 8 U.S.C. § 1227(a)(2)(B)(i). See 8 U.S.C. § 1229b(d)(1) (explaining that a period of continuous residence ends when a non-citizen commits a crime rendering him "removable from the United States under section 1227(a)(2)").

Accordingly, we will deny the petition for review.

5